IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUAN ARROYO | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WMN-06-52 |
| JAMES SMITH, OFFICER HEIGHT, and OFFICER BARLOW | : : | |
| Defendants | : | |

o0o

**MEMORANDUM**

The above-captioned civil rights action, filed on January 9, 2006, concerns Plaintiff's allegation that property taken from his prison cell was not returned to him. Paper No. 1. In addition to the Complaint, Plaintiff has filed a Motion to Proceed In Forma Pauperis together with an account statement reflecting a zero balance. Paper No. 2. Because he is indigent, his motion will be granted. For the reasons that follow, the Complaint must be dismissed.

This Court must screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915A. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Plaintiff asserts a claim that he was wrongfully deprived of his property. Paper No. 1. "Prison administrators have broad discretion in the management of correctional institutions. Unless other rights such as religion or speech are involved, jails may thus constitutionally disallow the possession of personal property." *Bannan v. Angelone*, 962 F. Supp. 71, 73-4 (W. D.

Va. 1996) (citations omitted).  Plaintiff does not allege a claim that his property was confiscated in an attempt to quell other constitutionally protected activity.  For purposes of a claim such as this, the due process requires only the availability of an adequate post-deprivation remedy.  *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986).  Maryland's Tort Claims Act provides such a remedy.  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).  A claim under the Maryland Tort Claims Act must be filed in the appropriate state court after exhaustion of applicable administrative remedies.

      The Complaint does not state a federal cause of action and will be dismissed by separate order which follows.  Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury". The instant case will be the first filed by Plaintiff that has been dismissed as frivolous.

/s/

February 1, 2006  
Date

William M. Nickerson  
Senior United States District Judge